Pease v. Catlin.

SAMUEL W. PEASE

v.

CHARLES CATLIN.

1. NEW PROMISE—EVIDENCE IN SUPPORT OF—INTENTION OF PARTIES. —Suit was brought upon a promissory note, to which the maker of the note pleaded a discharge in bankruptcy and the Statute of Limitations. To these pleas a replication of new promise was made, and issue joined. To support the replication of a new promise, evidence was introduced showing that the payee of the note had received from the maker the note of a third party for $100, which he had endorsed as part payment on the original note. The maker of the note testified that the note for $100 was given as an accommodation, an act of friendship, and was not intended to be, nor considered as a partial payment of the original note, which was not denied: *Held,* that the

Pease v. Catlin.

evidence failed to show any promise whatever which, in law, would revive a right of action once lost, either by lapse of time or discharge in bankruptcy.

2. INSTRUCTIONS—MUST BE BASED UPON THE EVIDENCE.—An instruction that "where a payment is made by a debtor to a creditor, who holds two or more claims against such debtor, the debtor has the right at the time of making payment, to direct on what debt it shall apply; but if he fails to direct the application of such payment, then the creditor may apply it to whatever debt he sees proper," pre-supposes or assumes that there is some evidence in the record that at the time of the transaction in question, the creditor held more than one claim against the debtor, and there being no evidence tending to establish such fact, there is nothing on which to predicate such an instruction, and it is erroneous.

*Quære.*—Even though there had been evidence of two or more claims, and the $150 note had been intended by the party as part payment of said indebtedness, and no direction given by the party paying as to what particular indebtedness the payment was to be applied on, it may well be doubted whether that is such an act as a promise can be inferred from to pay the balance of any particular indebtedness on which the creditor may choose to indorse the same.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for plaintiff in error; that the promise by which a discharged debt is revived must be clear, distinct and unequivocal, cited Allen v. Ferguson, 9 B. R. 471; 18 Wall. 1; Fraley v. Kelly, 67 N. C. 78; Linton v. Stanton, 4 La. An. 401; Branch Bank v. Boykin, 9 Ala. 320; Stern v. Nussbaum, 47 How. Pr. 489; Goxtkeimer v. Keyser, 11 Penn. 364; Pratt v. Russell, 7 Cush. 462; Bennett v. Everett, 3 R. I. 152; Porter v. Porter, 31 Me. 169.

Partial payments on a debt are not in law a promise to pay the debt; neither is the payment of interest: Stark v. Stinson, 23 N. H. 259; Viele v. Ogilvie, 2 Greene, 326; Cambridge Inst. v. Littlefield, 6 Cush. 210.

Mr. FRANK J. LOESCH, for defendant in error; argued that where the question is one of credibility or contrariety of testimony, it is within the province of the jury to determine, and the verdict should not be set aside, and cited Germania Ins. Co. v. Hutchberger, 1 Chicago L. J. 62; Simons v. Waldron,

70 Ill. 281; Classen v. Schoenemann, 80 Ill. 304; Chapman v. Burt, 77 Ill. 337; Marshall v. Tracy, 74 Ill. 379.

That proof of payment of part of a debt barred by the Statute of Limitations, will revive the debt, and is sufficient evidence from which a jury may infer a promise to pay the balance: Mellick v. DeSeelhorst, Breese, 221; Ilsley v. Jewett, 2 Met. 168; Smith v. Ryan, 66 N. Y. 352.

And that the same rule will apply to debts barred by discharge in bankruptcy: Marshall v. Tracy, 74 Ill. 379; Classen v. Schoenemann, 80 Ill. 304.

MURPHY, P. J.   This is an action of assumpsit, commenced in the court below upon a promissory note, bearing date the 2d day of April, 1857, given by the plaintiff in error, Pease, to A. F. Devereux, and by him assigned to the defendant in error, April 5th, 1875.

The trial below resulted in a verdict and judgment on the note against the plaintiff in error for $344.60, to reverse which judgment this writ of error is prosecuted.   To the declaration the plaintiff filed four pleas: 1st, non-assumpsit; 2d and 3d, discharge in bankruptcy on the 9th day of October, 1868; and 4th, the Statute of Limitations.   To the 2d and 3d pleas, the defendant in error replied, a new promise to pay the note since such discharge in bankruptcy, to wit:   On the 5th day of April, 1875.   To the 4th plea, that the cause of action mentioned in the declaration did accrue within sixteen years next before the commencement of the suit.   To the replication to the 2d and 3d pleas, the plaintiff rejoined that he did not ratify and confirm said promises and undertakings, and make said new promise as alleged.   Upon the trial of these issues by a jury, a verdict was obtained by the plaintiff in error in the court below.

It is assigned for error: first, that the verdict is contrary to, and not supported by, the evidence.   It is also assigned for error, the giving by the court of instructions asked by the defendant in error, and in refusing to give the instruction asked by the plaintiff in error, and in modifying the same, and giving said instruction so modified.

We have examined the record in this case carefully, and find

that Devereux, the payee of the note, left Chicago in the fall of 1857, taking this note with him, and never saw the plaintiff in error from that time until the spring of 1875. At that time Devereux called upon the plaintiff, in straightened circumstances, and applied to him for help to some money. One hundred and fifty dollars was indicated as the amount desired, but in his testimony does not pretend that he asked the plaintiff for payment on this note, but appealed to him in the name of old friendship, to assist him, which the plaintiff agreed to do provided he could make collection of some money then due him.

Soon thereafter Devereux called again upon the plaintiff in error, who being unable to make collection, procured from one of his debtors a note for $150, due in sixty days, which he let Devereux have to assist him. This note last named being against one W. P. Wright, Devereux, on his return home to Fort Wayne, where he then resided, and where the note sued upon was indorsed upon it a payment of $150, by way of the Wright note so obtained. And it is insisted by the defendant that this is such a partial payment of the note as takes it out of the Statute of Limitations, and the operation of the discharge in bankruptcy.

There is no doubt as a proposition of law, that if the plaintiff in error had passed the Wright note to Devereux as part payment of the note sued on, and it had been so agreed by the parties at the time, it would have operated to revive the same; and on that question, the judgment would be right. But the defendant's evidence taken alone, uncontradicted, fails to show that to have been the agreement of the parties. The defense of the Statute of Limitations and discharge in bankruptcy are not defenses which commend themselves to the favorable consideration of juries, and particularly to the latter. The natural repugnance which pervades the minds of all honest men to any proceeding by which men are enabled to repudiate, and be relieved from the honest and faithful performance of their obligations fairly entered into, has probably performed an important part in the deliberations of this jury. There indeed seems little else to explain the finding, as the record discloses no evi-

dence whatever of any promise by the plaintiff in error to pay the note.

Devereux and Fulton, who alone were present with Pease at these interviews, fail to state in their testimony that there was any such agreement at or before the time Devereux got the Wright note. Pease, the only other party present, testifies positively that no such agreement was made; further, that the note was not to be so applied as a part payment of this note sued upon.

This being all the testimony on the subject of the new promise, we think it fails to show any promise whatever which in law would revive a right of action once lost, either by the lapse of time or discharge in bankruptcy.

On the trial in the court below, the court gave to the jury the following instruction, at the instance of the plaintiff:

"The jury are instructed, as a matter of law, that where a payment is made by a debtor to a creditor, who holds two or more claims against such debtor, the debtor has the right at the time of making payment to direct on what debt it shall apply; but if he fails to direct the application of such payment, then the creditor may apply it to whatever debt he sees proper, provided he so applies it within a reasonable time after payment made, and does no injustice to his debtor.

"If, therefore, the jury believe, from the evidence, said Devereux had two or more claims against said defendant, action on which was barred by the Statute of Limitations, or by defendant's discharge in bankruptcy, and had no other claims against the defendant, and the defendant, within sixteen years next before commencement of this suit, and subsequent to his discharge in bankruptcy, and having in mind the note sued on, as well as other debts to Devereux, gave said Wright note to A. F. Devereux in part payment of such claim or claims held by said Devereux, and due from defendant, and defendant did not direct to what claim the said payment should be applied, then said Devereux could apply said payment (if the jury believe, from the evidence, defendant actually intended to make a payment on said claims), to any claim due from said defendant to Devereux.

"And if the jury further believe, from the evidence, said Devereux duly applied said Wright note in part payment of the note here sued on, then the plaintiff is entitled to recover any balance found to be due thereon;" which was excepted to by the defendant below, who requested the court to give the following instruction:

" If the jury believe, from the evidence, that the note of $150, given to A. F. Devereux about April 5th, 1875, was an accommodation, and not for the purpose or with the intent of a payment on the $250 note sued on, then the jury must find for the defendant; if they also believe, from the evidence, that the defendant was duly discharged in bankruptcy;" which the court refused to do, but modified and changed the same so as to read as follows, and gave the same to the jury:

" If the jury believe, from the evidence, that the note of $150, given to A. F. Devereux about April 5th, 1875, was an accommodation, and not for the purpose or with the intent of a payment on the $250 note sued on, *or other claim of Devereux*, then the jury must find for the defendant; if they also believe, from the evidence, that the defendant was duly discharged in bankruptcy;" to which the defendant also excepted.

These instructions, as given, pre-supposes or assumes that there is some evidence in the record that at the time of this transaction, that is, April 5th, 1875, Devereux held more than one claim against Pease. We find no evidence tending to prove such fact in this record; as a consequence, no evidence on which to predicate such an instruction. We think the instruction as asked by the defendant below, should have been given. That the modification by the court, and the giving the 3d instruction asked by the plaintiff below, embracing the same principle was error. Even if there had been evidence of two or more claims in the hands of Devereux at the time he received the Wright note, still we think it may well be doubted; even though the Wright note had been intended by the parties as part payment of said indebtedness, and no direction given by the party paying as to what particular indebtedness the payment was to apply, whether that is such an act as a promise can be inferred from, to pay the balance of any particular in-

debtedness, on which the creditor may choose to indorse the same.

We have been referred to no such case, and upon principle, we think no such inference warrantable. We think, therefore, that the verdict was unsupported by the evidence, and that the court erred in giving the plaintiff's third instructions, and refusing to give the defendant's instruction, as asked, and in giving it in its modified form. For these errors, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.